Beginning with Queen v. United States, Mr. Day. May it please the Court, my name is Robert Day, pro bono counsel on behalf of Appellant Nicholas Queen. There are three reasons why the District Court erred when it granted the motion for summary judgment posed by the government. First, it applied a de minimis physical injury requirement to my client's Louisiana assault and battery claims brought through the FTCA, which frankly doesn't exist. Assault and battery do not have physical de minimis injury requirements under Louisiana law, nor does the FTCA apply a blanket de minimis physical injury requirement in the way that the Court applied it. Secondly, the Court applied a de minimis standard that it runs contrary to this Court's precedent. This Court has clarified that more than de minimis injury can still be a minor one. This Court has held a de minimis injury includes a cattle prod electric shock to the back of the neck that left a mark, abrasions left by prison officials who engaged in a needless violent attack, and here it's uncontroverted that my client, the day of the event, and it has to be said that according to the facts construed in his favor, he was subject to a very similar prison official attack that was needless, wanton, and frankly brutal by his telling, left him with abrasions. So that alone is a minor, and he was in fact diagnosed with minor injuries. So that rule as to de minimis applies to physical injury, which is what's claimed here, right? De minimis injury, yeah. So there is no requirement in terms of de minimis? Correct. Under the FDCA, right, the FDCA says, sets a physical injury requirement only for emotional injury claims. So my client brought both emotional injury and physical injury claims. You are claiming emotional injury? Correct, yes, your Honor, as well, both. So we think he... You are claiming that he wasn't de minimis. Correct. I'm kind of wondering why that's been such a big focus in the appeal when the claim is the doctors may not have thought much of him, but you can be in a lot of pain and the doctor can't see it. So why isn't that enough in your view? I mean, you say that towards the end of your brief, but I'm just kind of wondering why that isn't the focus instead of the de minimis versus minimis. I agree with you, Judge Haynes. I mean, I think that we don't just have his complaints of pain that are repeated. We also have a diagnosis from a doctor, the first doctor he saw out of prison, that diagnosed him with chronic back pain that disabled him from working for a full year. Right, and that was after he... but that was after he left the prison. What I'm wondering is, though, let me ask you this. What's your best case on the notion that when you're complaining to a doctor, while I am very respectful of doctors, they may not be able to see the pain you have? Like, if my stomach was hurting right now, you wouldn't be able to see that, but I would feel it. I mean, I think I would agree with what you're saying in that, what is the de minimis threshold, right? And this court, in a published opinion, Gomez, found that someone who had just gone to the medical staff at the prison official had observed, and that medical official observed merely abrasions. And that was the only, if I'm remembering correctly, the only record evidence of an injury in that case, right? There is a de minimis, similarly in the pain case which we referenced, all that was, you know, left behind by the shock of the cattle prod by the official in that case was a sense of shock, right, sort of similar to that internal pain you're describing, Judge Haynes, but also there was just a slight mark, right? And so the court's looking at what is de minimis in these cases, and this court has said, you know, it doesn't, you don't need some sort of profound diagnosis to reach de minimis, right? It's still, a more than de minimis injury is still, can be a minor one. Your client did go to the doctor. Correct. At the time and over time while still in the prison, and what I'm trying to understand is what, if we were to have to apply de minimis, what level is necessary? Is it enough to complain at a pretty high level, or does the doctor have to be able to see your pain? Yeah, it's a good question. I don't think that's settled in the case law, Your Honor. It's, it seems to be a highly fact-based inquiry, right? And here the facts are, again, the day of the incident abrasions noticed, right? And then a repeated complaints of pain, and don't forget that in, I believe it was July of 2020 while he's still incarcerated, a PA observes his back and notices that his back is tender to the touch, right? Because, so not just sort of a subjective feeling of pain, but also a confirmed feeling from touch. And I agree with you, sometimes back pain, I mean, if you know people who know back pain, sometimes it's hard to diagnose exactly what happened there, right? So when the court's looking at a record and sees palpitation to the touch, an ICD, multiple references to the ICD code 54.5, which is for chronic back pain, and an ultimate diagnosis, I think it has more than enough ample basis to find more than de minimis injury here. Well, and he was a pro se litigant below, and I'm very respectful of the fact that that's not an easy place to be. If we were to send it back, just hypothetically, if we were to send it back, would he write a more fulsome affidavit? Because one could say that affidavit could have been better. Yes, I mean, certainly, I mean, certainly, personally, I think there's good cause to sort of reopen discovery. I mean, discovery in this case below, as this, as this panel knows, was not particularly fulsome, right? From either side. It's not as though the government came forward with an expert doctor, or a DENX has an expert, examine them with their own doctor, you know, to examine his back pain, to come up with an alternative causation, causal theory, right? I think that here there is no, there is no doubt, but that he suffered some injury, but the court held that it was de minimis. So if we send it back, and it's tried without any de minimis requirement, and he says that he only suffered a scratch or abrasion, and he has no, and he proves this in court, because he would have to determine what his injuries were, the court would have to determine that, and there's no compensation for it other than a dollar. Is that what happens? You have a full trial, and the jury's instructed that if there's no particular injury, that he suffered other than the abrasions and the scratches, give him a dollar and let him go. Yes, ultimately, right? Because the FFTCA provides the possibility for damages relief. I think that, you know, he's entitled to far more than that, and he would put on a persuasive case. What do you, what damages, compensable damages are? Yeah, so it would be pain and suffering. It would be the inability to find work. I mean, he's got a diagnosis from a doctor post, you know, after his release, the first doctor that saw him after he was released from prison that said he is disabled from working for a full year. So there are ample, ample remedies here. There's also the invasion, there are dignitary, dignitary harms. We cite in our brief a case called Lugenbuhl, where the, where the appellate court for Louisiana affirmed a $5,000 or $10,000 damage award, not because there was any physical injury. In fact, that was a reason for vacating much of the jury's award, but the court still awarded that individual, I believe, something in the neighborhood of $5,000 to $10,000, based solely on the dignitary harms. But you're saying he has evidence of more than de minimis. Correct. Including that doctor you just mentioned, but also his testimony, and it would be up to the jury to decide who they believe. Correct. You know, government has contrary evidence. You got, I mean, that's what juries do, right? Right. And I'm not here to predict how, how exactly things will go at trial. The point of this appeal, of course, is that the court did not allow him to put on his proofs when it should have. Happy to answer any other questions. All right, thank you. You've saved time for rebuttal. Yes. Mr. Frederick? May it please the Court, Jennifer Frederick for the United States. I'm going to start with where you guys ended, which was whether a jury, you know, would decide what happens in this case, and I think everybody is pretty clear that this is a Federal Tort Claims Act case, so it's a bench trial when we're, when we get right down to it. If this case would go . . . Federal Tort Claims Act, then are you arguing that there is a de minimis, can be applied, de minimis injury can be applied to the Federal Tort Claim? Well, Your Honor . . . Is that a law? I think if you look at 28 U.S.C. 1346b2, where it talks about a de minimis threshold for a mental and a physical, a mental or emotional injury has to be supported by some physical injury, that's specifically in that particular part of the Federal Tort Claims Act, as well as the PLRA. You're not entitled to a jury, but could you not both sides agree to one? No, ma'am. Okay. We haven't waived sovereign immunity for that under the Federal . . . It's just, yeah, I mean, I know you usually go to it, but I thought you could agree to one. You cannot. Okay. No, ma'am. I think in this case, the question is 1346b1, and on the plain reading of the statute, you know, there is no carve-out like there is for the mental and the emotional in b2, but there's no case law cited by the appellant in this case that there isn't a de minimis threshold. The case law that exists right now says there's a de minimis threshold for this type of case, and so . . . Louisiana law and the Louisiana tort? Well, if you . . . In the Louisiana tort law for an assault and battery claim by a police officer, and this is covered in the government's brief, and the court did a good job in the R&R of spelling out the fact that in a battery and assault claim on behalf . . . if you're making this against a law enforcement officer in Louisiana, you have to show excessive force, and that's, you know, that's the same . . . How do you reply to the argument that there is no requirement for de minimis in the Federal Tort Claim Act? I mean, a de minimis injury under the Federal Tort Claim Act upon Louisiana law will satisfy the claim that he's making. Well, Your Honor, I would think I would go with the reasoning that the district court used in its . . . in the report and recommendation that was affirmed by the district court that in this case, we're talking about an assault and battery claim against a law enforcement officer against . . . under Louisiana law. Louisiana law requires that under . . . if you're making an assault and battery claim against a law enforcement officer, you have to show excessive force, and then that kind of circles back around to an excessive . . . I agree. I mean, it's . . . I agree you've got to show excessive force, but, I mean, I don't see that there's a requirement for . . . I mean, I don't see that there's a bar for a de minimis injury under Louisiana law. I mean, it's difficult to conceive that excessive force would not . . . if he can't prove excessive force, he's . . . he has lost his case. But if he proves excessive force, then the injury that he suffered from that excessive force cannot be de minimis . . . it cannot be dismissed as de minimis under Louisiana tort law. Well, Judge, I think that it's, again, it's a circular question, and I think if you look at the case law, that there is some requirement for some injury on a battery and assault claim by a law enforcement officer under Louisiana law. But do I have a case that says you have to prove de minimis? No, sir, I do not. What I have is 1983 cases where we're using that standard against a state actor. I'm not sure why that wouldn't go the other way. Well, because the law doesn't . . . But there's . . . I would say it's a pretty good . . . There's, you know, case law from the Fifth Circuit, the Sigler case, that says you have to have some showing of injury, and there's no . . . The fact is, he went to a . . . I mean, he kept going to doctors while he was in prison, and then he went to a doctor when he got out. He does show more than de minimis. So, again, while the trier of fact might, you know, look at that doctor and say, I don't agree with him or her, but that isn't what you do in a summary judgment, as you know. Well, I think in this case, Judge, you agree . . . They weighed the evidence that was in front of them and made a credibility call on summary judgment, but I think to answer your underlying . . . And that isn't what you're supposed to do. I mean, you cannot decide credibility on a summary judgment, and the notion of a trial, whether it's before a jury or before a judge . . . I was a state district judge. I did 100 bench trials, so I'm well aware of the fact that then I'm looking at facts, and I look at you, and I see if I think you're telling the truth. I look at him, and so on. That's what it's about. I think in this case, the medical record evidence shows that he had an abrasion on the day of the incident to his right shoulder. There's no more complaints about the right shoulder going on, and what we're talking about is a back and a hip issue . . . And again, I respect doctors, but I mean, I've read a book from Fran Drescher that it took her two years to get her cancer diagnosis. Nine different doctors that she had all along. So again, while I respect doctors, they're not always perfect, and the fact that this prisoner still kept having problems, why isn't that enough to get past de minimis, even if it applies? Respectfully to your question, I think the issue in this case is that the original day of the incident, he was brought to medical, and there was an abrasion to his right shoulder. There are no other complaints in that medical record, 625 pages of a right shoulder pain. There is no complaint about a back or a hip issue until June of 2020, which we're talking about 18 months after this accident, and the original visit in the prison, in the records, in June of 2020, he says, my back and my knee just started hurting. But the doctor decided otherwise. The last doctor . . . The last . . . And respectfully, sir, if you look at the record that is in the . . . that's been submitted by the plaintiff, he's diagnosed with back and hip pain with no causal link to anything. It's just . . . The last doctor that saw him after he was out of prison . . . Yes, sir. The Baltimore . . . Claimed that there was nothing wrong with him? Not that there was nothing wrong with him. He said he had back and hip pain. Related to what? It doesn't show. But he claims that it was related to the beating video. Yes. All of these are factual issues that the district court seems to have resolved himself on some re-judgment. Agreed. You agree? Well, I agree that . . . I agree that they made a factual determination that there weren't any questions of fact that his . . . these complaints weren't related. That's their determination. That was a question of fact that the judge made. That they were unrelated claims to the injuries that . . . or to the beating that he took in prison. Or that . . . And the government says they were not. And that is a factual issue, it seems to me, that the district court resolved. Well, in this case, right, they determined that even if he had any injury, it was de minimis and it wasn't enough. And that is contrary to Louisiana law that does not permit a claim to be dismissed on the basis of de minimis. Again, Judge, I think that the court . . . What did you say to me? You agree? I agree . . . You agree to that? I think the court explained it in the . . . that it's a circular situation for them because of the requirement of excessive force under Louisiana assault and battery. I mean, do you think it would be helpful if we sent it back with him having a lawyer? Yes. Because, again, I respect that, you know, pro se is what it is and that the district court does not have to grant in this kind of situation. But it does seem like having counsel has helped him on appeal. The supplemental brief is better than the original brief. And so, I guess I'm just wondering about that because it does seem like if you believe his side, which I understand the opponents are saying, no, that isn't what happened, but if you believe it, they just came in and started beating him up for no reason. That's pretty serious, in my opinion, and needs to be addressed fulsomely. If that's not true, okay, fine. If he really wasn't injured, okay, fine. But that does seem problematic to just come in the middle of the night, wake somebody up, and start beating them up. And I think the facts as the government laid them out don't, again, are contrary to what you just described, but it's . . . But that's what he describes. That's what he describes. And that's what, I mean, it's a little bit like I had a lot of car wrecks cases as a state district judge, and one side says, you had the red light, and the other side said, no, you did. Okay, somebody had it. And I think the court obviously didn't rule on that particular part of this case, you know, below, so that is still a remaining issue. That's significant. If you have any other questions, I'm happy to answer them. All right. Thank you. Thank you. Mr. Day for rebuttal. So I would say almost all of the arguments that the government just made would be valid arguments for the district court or the trier of fact, right? In fact, the government just conceded that the district court made a credibility determination, which is inconsistent with liberty lobby, right? Motion for summary judgment, no credibility determination is allowed. No weighing of the evidence is allowed. No inferences against my client are allowed, right? And so the story about the government has its side of the story in terms of causation, in terms of what happened factually, right? But that was inappropriate. The reason we're on appeal is because those discussions should be had before the trier of fact at a bench trial. I believe my opposing counsel is correct about that. The only thing I would add is two things I would add. First, we made the position in our brief that the government didn't respond to our FTCA claim interpretation of the statute regarding de minimis. So I wanted to make sure I noted that. We think that argument is waived. Nevertheless, when it comes to the excessive force in Louisiana, what the case law is talking about there is that you can't just bring an assault and battery claim against an officer every time he or she handles you roughly, right? Because that's just part of the job. So what the courts will apply is something called the Graham test or the Kyle, the Graham test is the federal standard. In Louisiana, there's the case called Kyle, and it looks at a multi-part test for when, for judging the officer's actions at the time. And that sort of exactly is just. But your opponent said that's not really in play here. I'm sorry. That why they attacked him is not in play right now. Well, it's not in play because the facts are, as my, you know, at summary judgment, the facts of what happened are what my. Contrary to each other. Exactly. And no one's debating that they have, you know, he has valid affidavit, or he has valid evidence to tell his story. What Kyle says, though, is, and this is Kyle v. City of New Orleans. It's in the government's brief cited. If the officer uses unreasonable or excessive force, according to that multi-part test, which gets into, you know, things like, do you know the person? What's the flight risk? What's the risk of harm for the officers? They or their employer are liable for any injuries which result. So again, Judge Jolly, you were right on point. The difference between excessive force versus injury is a distinct concept under Louisiana law. So, that's the only clarification I have to offer. On your waiver point, I don't think that's valid. The government doesn't even have to file a brief. I mean, you're the appellant. You're the one who might waive or forfeit an issue, but not the government. Nonetheless, your case is under submission and we wish to thank you, Mr. Day, for your, your and your firm's pro bono participation in the case. It's been a big help. Thank you. I appreciate it. It's an honor.